IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICOLLE WILSON,

                Plaintiff,

v.

EAU CLAIRE CTY. SHERIFF, EAU CLAIRE CTY.
DIST. ATT'Y, CHIPPEWA CTY. SHERIFF, and
CHIPPEWA CTY. DIST. ATT'Y,

                Defendant.

OPINION and ORDER

23-cv-565-jdp

---

Plaintiff Nicolle Wilson, a state prisoner, alleges that defendants have failed to act in response to her complaints that her ex-boyfriend domestically abused her and damaged her property. Because Wilson proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Wilson's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim and direct the clerk of court to record a strike under 28 U.S.C. § 1915(g).

Wilson faults defendants for failing to investigate her complaints against her ex, but she "does not have a constitutional right to have the police investigate h[er complaints] at all, still less to do so to h[er] level of satisfaction." *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). Wilson faults the district attorney-defendants for not charging her ex with a crime, but I lack the authority to order them to do that. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty

than when a federal court instructs state officials on how to conform their conduct to state law."); *Gardner v. Harvard Univ.*, No. 21-cv-503-wmc, 2023 WL 2163083, at *5 (W.D. Wis. Feb. 22, 2023) ("Gardner does not have a private right of action to sue in federal court for violations of federal criminal statutes, and I cannot initiate federal criminal proceedings."). If Wilson seeks damages from the district attorney-defendants based on this failure, prosecutorial immunity bars this claim. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).

Because Wilson has failed to state a claim, I will not allow her to proceed on the complaint. The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal with prejudice is appropriate in this case because it's clear from Wilson's allegations that she cannot obtain relief under § 1983 based on the conduct that she challenges. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013).

ORDER

IT IS ORDERED that:

1. Plaintiff Nicolle Wilson's complaint, *see* Dkt. 1 and Dkt. 3, is DISMISSED with prejudice for failure to state a claim.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g), enter judgment, and send plaintiff copies of this order and the judgment.

Entered November 16, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge